IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. 2:12-917 |
| | § | (CA. No. 2:16-207) |
| PEDRO DE LA CRUZ-AGUILAR. | § | |

**MEMORANDUM OPINION AND ORDER**

Pedro De La Cruz-Aguilar (De La Cruz-Aguilar) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 28. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

**I.   BACKGROUND**

De La Cruz-Aguilar pled guilty to possession with intent to distribute more than 500 grams of cocaine. He was sentenced to 188 months' imprisonment as a career offender. Judgment was entered on April 17, 2013. He did not appeal. De La Cruz-Aguilar filed his present motion on May 26, 2016, asserting relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). It is timely. 28 U.S.C. § 2255(f)(3).

**II.  MOVANT'S CLAIMS**

De La Cruz-Aguilar challenges his sentence under *Johnson*, arguing that *Johnson* precludes the use of the residual clause in the Sentencing Guidelines.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. *Johnson* Claim

De La Cruz-Aguilar was sentenced as a career offender pursuant to § 4B1.1(b)(2).[1]

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id*.

De La Cruz-Aguilar was in his 40s at the time of the offense and had three previous controlled substance offenses: (1) 1996 Possession of marijuana with intent to deliver in Arkansas, (2) 1997 possession of cocaine with intent to deliver in Arkansas, and (3) possession with intent to distribute one kilogram of marijuana in the Southern District of Texas. As a result, De La Cruz-Aguilar qualified as a career offender.

---

[1]. The PSR calculated De La Cruz-Aguilar's offense level based on drugs to be 30. After acceptance of responsibility, his total offense level of 27. His criminal history category was V.

2

The *Johnson* Court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague; however, De La Cruz-Aguilar was not sentenced or enhanced based upon a violent felony or that statute. Although *Johnson* is retroactive, it has no application to De La Cruz-Aguilar's sentence.

## IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although De La Cruz-Aguilar has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

The Court finds that De La Cruz-Aguilar cannot establish at least one of the *Slack* criteria. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329. Accordingly, he is not entitled to a COA as to his claims.

## V.   CONCLUSION

For the foregoing reasons, De La Cruz-Aguilar's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 28) is **DENIED**, and this action is **DISMISSED** with prejudice. Additionally, he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 31st day of January, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE